**In the Matter of David C. ROBERTS.**

**No. 70S00–8703–DI–272.**

Supreme Court of Indiana.

June 24, 1988.

Richard K. Levi, Earnest, Foster, Eder, Levi & Northam, Rushville, for respondent.

Sheldon A. Breskow, Executive Secretary, Clifford R. Courtney, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

**PER CURIAM.**

The parties to this action have entered into and tendered for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline. The agreement stems from a Verified Complaint for Disciplinary Action filed by the Indiana Supreme Court Disciplinary Commission charging the Respondent with five counts of misconduct.

The Respondent is specifically charged with engaging in conduct involving dishonesty, conduct that adversely reflects on his fitness to practice law, neglecting legal matters entrusted to him, failing to carry out contracts of employment, damaging or prejudicing his clients, withdrawing from employment without proper notice, failing to turn over clients' files, failing to refund unearned fees, engaging in conduct prejudicial to the administration of justice, failing to seek the lawful objectives of his clients and entering into an agreement for charging, and collecting an illegal fee, all in violation of Disciplinary Rule 1–102(A)(4), (5) and (6), 2–105(A), 2–109(A)(2) and (3), 6–101(A)(3), 7–101(A)(1), (2) and (3) of the *Code of Professional Responsibility.*

Having reviewed the matters presented, we find that the parties have agreed that certain facts occurred. In accordance with their agreement we find under Count I that in August 1982, the Respondent was retained by Loren and Charles Lee to file an action on behalf of Charles for the recovery of certain personal property from Frances Lee. The Respondent failed to file said suit and, from August 1982 to October 1985, he misrepresented to Charles and Loren Lee that the said suit had been filed when in fact it had not been filed.

As to Count II, we find that in July, 1985, while serving as an associate of the Women's Legal Clinic, the Respondent was retained by Teresa Koons to represent her in a dissolution action. The agreed fee was $400, and the Respondent accepted $133 as advance payment and $61 for costs. Thereafter the Clinic ceased operations and the Respondent relocated, taking Koons' file with him. On August 22, 1985, Koons paid the Respondent an additional $133 toward the balance of the fee and on October 9,

1985, the Respondent filed the petition for dissolution of marriage. Thereafter the Respondent relocated his office, but failed to notify Koons or to otherwise communicate with her until December 20, 1985, when he sent her a letter requesting payment of the balance of fees.

Between December 20, 1985 and January 23, 1986, the Respondent purportedly ceased practicing law and again failed to notify Koons of his law office closing or that she could obtain her file. The Respondent referred Koons' file to another attorney who notified Koons that Respondent was no longer practicing law. Koons was required to pay an additional $350 to the new attorney in order to complete the representation.

Under Count III we find that the Respondent represented Darlene Stearns in a dissolution proceeding. After the evidence was presented, the Court made a finding in open court and requested counsel to prepare a suggested entry. Respondent and opposing counsel were unable to agree on the wording of the entry.

Thereafter, the Respondent relocated to Rushville, Indiana, and abandoned his efforts on behalf of Stearns. Stearns and the trial court judge who presided over the dissolution attempted to contact the Respondent, but their calls were not returned. Stearns was required to retain another counsel to conclude the matter.

We find under Count IV that in August, 1985, David Johnson retained Respondent to prepare Johnson's income tax returns. On numerous occasions the Respondent represented to Johnson, and once to a "Hot Line" Reporter from the Bloomington Herald Tribune, that the mailing of the tax returns was imminent. However, as of December 2, 1985, Johnson had not received the promised returns. After Johnson filed a grievance with the Indiana Supreme Court Disciplinary Commission on December 2, 1985, the Respondent provided to Johnson a photo-copy of a federal and state tax return which Respondent purportedly prepared on behalf of Johnson in September, 1985.

As to Count V, we find that, while employed at the Women's Legal Clinic, the Respondent was assigned Linda D. Dunnaway's case which involved a Workman's Compensation Claim. In July 1985, the Clinic ceased operations, and the Respondent withdrew the clinic's appearance and entered his own on behalf of Dunnaway. In December 1985, the Respondent sought and received from Dunnaway $150 as partial attorney fee which was to be credited towards the agreed fee of 30% of settlement or 40% if trial was held. This occurred although IC 22–3–4–12 provides that in such cases any attorney fees must be fixed by the Industrial Board and are paid by the employer. In January of 1986, the Respondent ceased practicing law and turned Dunnaway's file over to attorney Robin Brown, without notice to or consent from Dunnaway.

The findings set out above establish clearly that the Respondent engaged in the numerous acts of misconduct as charged. The parties have agreed that the appropriate sanction for this misconduct is a six months suspension from the practice of law. Thereafter, Respondent's reinstatement will be subject to the provisions of Admission and Discipline Rule 23, Section 4(a). Upon close scrutiny of the nature and frequency of the misconduct, the agreed to period of suspension appears disproportionately lenient as compared to the misconduct. However, this Court is inclined to accept the parties' agreement in light of the fact that before being allowed to again practice law, the Respondent must first satisfy the Disciplinary Commission and this Court that he has met the requirement of Admission and Discipline Rule, Section 4(a), and that he can safely be recommended to the legal profession.

In light of the findings and the foregoing consideration, we now conclude that the tendered agreement should be approved. Accordingly, and by virtue of the misconduct found herein, the Respondent is hereby suspended for a period of six (6) months, beginning July 25, 1988, subject to rein-

**1274**

statement under Admission and Discipline Rule 23, Section 4.

Costs of this proceeding are assessed against the Respondent.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.

DICKSON, J., dissents and would impose a greater sanction.